In re: Arthur Melancon applying for certiorari, or writ of review, to the Court of Appeal, First Circuit, Parish of Lafourche. 194 So.2d 144.
The application is denied. The judgment of the Court of Appeal is correct.
SUMMERS, Justice.
I am of the opinion the writ should he granted. I can find no distinction between the judicial ascertainment clause in the case of Melancon v. Texas Co. et al., 230 La. 593, 89 So.2d 135 (1956) and the contested clause in the case at bar. Moreover, a line of jurisprudence has evolved from the Melancon v. Texas Co. case which has firmly established the principle announced therein. I would adhere to this line of jurisprudence. Bollinger v. Texas Company, 232 La. 637, 95 So.2d 132; Melancon v. Texas Company, 230 La. 593, 89 So.2d 135, Pierce v. Atlantic Refining Company, La. App., 3rd Cir., 140 So.2d 19; and Bailey v. Meadows, La.App., 2d Cir., 130 So.2d 501.
HAWTHORNE, J.,
is of the opinion that the writ should be granted. The holding of the Court of Appeal in the instant case is in conflict with the holding of this court in Melancon v. Texas Co., 230 La. 593, 89 So.2d 135, and other cases decided by the Courts of Appeal.
SANDERS, J.,
is of the opinion that a writ should be granted. The jurisprudence in this important area should be clarified. The decisions in Bollinger v. Texas Company, 232 La. 637, 95 So.2d 132; Melancon v. Texas Company, 230 La. 593, 89 So.2d 135; Pierce v. Atlantic Refining Company, La.App., 3rd Cir., 140 So.2d 19; and Bailey v. Meadows, La.App., 2d Cir., 130 So.2d 501, cancelled mineral leases, despite an unfulfilled lease provision requiring advance notice or a reasonable opportunity to comply. To the contrary, the present decision, as well as Fawvor v. U. S. Oil of Louisiana, La.App., 3rd Cir., 162 So.2d 602, enforced such a lease provision and denied cancellation.